DANIEL A. SCHNAPP (*pro hac vice* forthcoming)
daniel.schnapp@dentons.com
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:    212 768 6700
Facsimile:    212 768 6800

NICK S. PUJJI (SBN 259571)
nick.pujji@dentons.com
DENTONS US LLP
601 South Figueroa Street
Suite 2500
Los Angeles, CA 90017-5704
Telephone:    213 623 9300
Facsimile:    213 623 9924

Attorneys for Plaintiff
FENDER MUSICAL INSTRUMENTS
CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FENDER MUSICAL INSTRUMENTS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>WIN-D-FENDER, LLC; ARGYLE INTERNATIONAL, INC.; NATHAN MARK DOOLY; AND CLEMENT KWOK,<br><br>Defendants. | Case No. 2:23-cv-06129<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, INJUNCTIVE RELIEF, AND OTHER RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Fender Musical Instruments Corporation ("Fender"), as and for its Complaint against Defendants Win-D-Fender, LLC ("Win-D-Fender")Argyle International, Inc. ("Argyle"), Nathan Mark Dooly, and Clement Kwok, (collectively, "Defendants"), hereby alleges as follows:

## PRELIMINARY STATEMENT

1. This action arises from Defendants' repeated, willful and improper use of Plaintiff's famous iconic trademark FENDER in both word and stylized forms (the "FENDER Marks"), marks that have been in use for over 70 years in connection with famous musical instruments and related goods. Despite being well-aware of Fender's rights, and good-faith requests by Fender to Defendants for Defendants to modify Defendants' names, Defendants nevertheless continue to sell goods related to musical instruments utilizing the name Fender ("Win-D-Fender" and "En-D-Fender") and wrongfully exploiting Fender's mark and goodwill for Defendants' illicit gains.

2. Fender has invested significant effort and resources, over the course of several decades, in advertising and promoting the Fender Marks, establishing widespread goodwill in the United States and abroad for its famous Fender Marks. The Marks have been used in connection with electric guitars played by Jimi Hendrix, Bruce Springsteen, Bob Dylan, and more, and also used in connection with other Fender Marks-branded musical accessories and instruments, including harmonicas, which are wind instruments.

3. Through their Win-D-Fender Domain and other points of sale, Defendants promote and offer goods substantially similar to the goods Fender has offered, and continues to offer, via its own Internet website, under designations substantially similar to Fender's trademarks, including the designations "Win-D-Fender" and "En-D-Fender." Defendants target identical or substantially similar markets and customers as those targeted by Fender.

4. There is significant overlap in the target markets for the services of Fender and Defendants. Both offer musical instrument-related goods and are targeted at, among others, musicians, as well as schools and music educators. Fender also markets and sells wind instruments, which are the same genre of instrument for which Defendants make and manufacture their products.

COMPLAINT FOR TRADEMARK INFRINGEMENT, INJUNCTIVE RELIEF, AND OTHER RELIEF

5. Despite repeated requests from Fender and multiple efforts to resolve these issues, Defendants have refused to agree to withdraw or modify their use of designations substantially similar to the Fender Marks.

6. Upon information and belief, in choosing the designations "Win-D-Fender" and "En-D-Fender" to sell musical instrument accessories and related goods as the title of its website, and with the Fender Marks as the predominant portion of their Win-D-Fender Domain, Defendants are attempting to illegally benefit from the reputation and goodwill Fender has built in its musical instruments and related goods and, in particular, Fender's FENDER Marks.

7. By this action, Fender seeks monetary and injunctive relief related to Defendants' improper use of the names and designations "Win-D-Fender" and "En-D-Fender," including Defendants' improper reservation and use of a substantially similar Internet domain name (www.win-d-fender.com) and Defendants' infringements of Fender's Fender Marks' rights including but not limited to registered trademarks FENDER® and FENDER® stylized logo. Fender is entitled to recover from Defendants, without limitation, all damages that it has sustained and will sustain, and all gains, profits, and advantage obtained by Defendants as a result of their infringing acts as well as a preliminary and permanent injunction barring Defendants from, among other things, using the Fender Marks or any other mark, name, or title that incorporates the term FENDER or any colorable imitation thereof or designations similar thereto, including but not limited to the designations Win-D-Fender and En-D-Fender, in connection with the offering, sale, or promotion of musical instrument accessories and related goods.

8. Fender further brings this action for infringement of its trademark registrations under the Lanham Act; trademark dilution by blurring under the Lanham Act; unfair competition under the Lanham Act; unfair competition arising under California common law; unfair competition under California Business & Professional Code; trademark infringement under California Business &

COMPLAINT FOR TRADEMARK INFRINGEMENT, INJUNCTIVE RELIEF, AND OTHER RELIEF

Professional Code; cybersquatting under the Anti-Cybersquatting Consumer Protection Act; all against Defendants by virtue of their infringing uses.

## PARTIES

9. Plaintiff Fender Musical Instruments Corporation is a Delaware corporation, having its principal place of business at 1575 N Gower Street, Suite 170, Los Angeles, CA 90028, and which sells millions of dollars' worth of its products into this District.

10. On information and belief, Defendant Win-D-Fender, LLC is a Texas limited liability company, having its principal place of business at 2650 FM 407 E, Bartonville, Texas 76226.

11. On information and belief, Defendant Argyle International, Inc. is a Texas corporation, having its principal place of business at 133 FM 407 W, Argyle, Texas 76226

12. Upon information and belief, Defendant Nathan Mark Dooly is a resident of Texas and a founder and owner of Defendants Win-D-Fender LLC and Argyle International Inc.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) (action arising under Lanham Act) and 28 U.S.C. §§ 1331 (federal question) and 1338(a) (any Act of Congress relating to patents or trademarks). This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) for all other claims asserted in this Complaint because those claims are so closely related to the federal claims asserted herein as to form part of the same case and controversy.

14. Defendants are subject to the personal jurisdiction of this Court under Fed. R. Civ. P. 4 because, upon information and belief, Defendants regularly transact, conduct, and solicit business in this District, or engage in other persistent courses of conduct and/or derives substantial revenue from its goods sold in this

COMPLAINT FOR TRADEMARK INFRINGEMENT, INJUNCTIVE RELIEF, AND OTHER RELIEF

District. Upon information and belief, Defendants regularly transact, conduct, and solicit business with retailers, including without limitation, Guitar Center, which owns retail locations located within this District. Furthermore, among other places, Defendants target their advertising and sale of their products to consumers and others in this District, and have realized revenues from such advertising and sales.

15. Venue is proper in this federal judicial district under 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to the claims asserted herein occurred in this District.

## FACTS

### I. FENDER'S TRADEMARKS

#### A. The FENDER® Trademark Registrations

16. Fender is the owner of four incontestable US federal trademark registrations, with Reg. Nos. 805075 and 4302401 in the FENDER® word mark, and Reg. Nos. 805510 and 1256824 in the FENDER® stylized logo mark. (True and correct copies of Fender's Certificates of Registration are attached hereto as **Exhibits A, B, C, and D**, respectively.)

17. Additionally, Fender owns and operates an Internet website found at www.fender.com.

18. Fender's US federal Fender Marks registrations cover the following goods:

International Class 9: ELECTRIC APPARATUS FOR USE WITH GUITARS AND FOR OTHER PURPOSES - NAMELY, AMPLIFIERS, LOUDSPEAKERS, AND COMPONENTS AND ACCESSORIES FOR SUCH ELECTRICAL APPARATUS - NAMELY, AMPLIFIER CORDS, AMPLIFIER COVERS, FOOT PEDAL CONTROLS, AMPLIFIER HANDLES, AMPLIFIER KNOBS, AMPLIFIER CORNERS, AMPLIFIER VOLUME AND TONE CONTROLS, SPEAKER CABINETS, AND AMPLIFIER

LEGS.

International Class 15: MUSICAL INSTRUMENTS - NAMELY, ELECTRIC SPANISH GUITARS, ELECTRIC BASSES, ACOUSTIC GUITARS, AND COMPONENTS AND ACCESSORIES FOR GUITARS AND THE LIKE - NAMELY, CASES, BAGS, STRINGS, POLISH, PICKS, NECKS, HEADS, PICKUPS, PICKUP COVERS, PICKGUARDS, BRIDGE COVERS, TREMOLO HANDLES, CONTROL KNOBS, AND STRAPS.

**Exhibits A and C.**

International Class 9: Guitar cables.

International Class 15: Capos; Cases for musical instruments; Guitar accessories, namely, guitar slides; Guitar picks; Guitar straps; Guitar strings.

**Exhibit B.**

International Class 15: Electric Guitars and Electric Bass Guitars.

**Exhibit D.**

19. Fender obtained two registrations on its Fender Marks with the United States Patent and Trademark Office (the "USPTO") on August 6, 1965. Exhibits A and C. Its other Fender Marks USPTO registrations followed on November 9, 1983 and March 12, 2013. **Exhibits B and D**.

20. Since at least as early as 1946, Fender has used, and is presently using, the distinctive Fender Marks in interstate commerce in the United States to market and promote its musical instruments and related goods.

21. Since at least as early as 2014, Fender has used, and is presently using, the distinctive Fender Marks in interstate commerce in the United States to particularly market and promote its harmonicas.

**II. FENDER'S PROMOTION OF ITS FENDER MARKS**

22. Fender owns and operates the Internet website accessible through the domain name www.fender.com (registered by Fender and/or its predecessors on or

about January 20, 1995), which promotes and offers for sale Fender's goods, including musical instruments such as electric guitars and harmonicas, as well as related accessories and goods. **Exhibit E**.

23. Fender markets its goods and promotes its famous brands and trademarks throughout the United States and the world. Specifically, Fender prominently displays its trademarks on its Internet websites and in product literature featuring and promoting its website and goods, and in addition to direct sales, sells its goods through a variety of distributors and sellers. See **Exhibit E**; **Exhibit F**, containing product literature; **Exhibit G**, containing evidence of direct sales and sales through high-end distributors and sellers.

24. Fender has expended substantial time, money, and resources building and maintaining the substantial goodwill associated with its marks and website, which are valuable assets and critical to its business.

25. Fender's distinctive Fender Marks are widely recognized by the general consuming public of the United States as a designation of source of the goods of Fender.

### III. DEFENDANTS' INFRINGING ACTIVITIES

#### A. Defendants' Infringing Promotion and Sales

26. Defendants have been using the terms "Win-D-Fender" and "En-D-Fender" in connection with the promotion and offering of musical instrument accessory goods substantially similar to musical instruments and musical instrument accessory goods offered by Fender under the Fender Marks.

27. Upon information and belief, on or about February 2017, Defendants reserved the Internet domain name www.win-d-fender.com ("Win-D-Fender Domain") and, through that domain under the designations "Win-D-Fender" and "En-D-Fender," began promoting and offering goods substantially similar to the goods offered by Fender. Printouts of representative webpages of the Win-D-Fender Domain are attached hereto as **Exhibit H**.

COMPLAINT FOR TRADEMARK INFRINGEMENT, INJUNCTIVE RELIEF, AND OTHER RELIEF

28. Upon information and belief, Defendants Argyle and Dooly's Win-D-Fender Domain is accessible throughout the United States and the world via the Internet, including in this District.

29. Defendants promote and offer goods that are related to the goods that Fender has offered, and continues to offer, via its own Internet website, under designations that are substantially similar to Fender's trademarks, including the designations "Win-D-Fender" and "En-D-Fender." **Exhibit H**.

30. Upon information and belief, Defendants target identical or substantially similar markets and customers as those targeted by Fender. For example, a google search using the search terms "Fender wind" yields the a search result displaying Defendants' products marketed and advertised for sale.

31. There is significant overlap in the target markets and customers for the services of Fender and Defendants. For example, both Fender and Defendants sell their goods through national retailers such as Guitar Center, Sweetwater, and Musician's Friend. Defendants are attempting to illegally benefit from the reputation and goodwill Fender has built in its musical instruments and related goods and, in particular, Fender's FENDER Marks.

**B.     Details of Defendants' Infringing Website**

32. On information and belief, Defendants registered the domain name www.win-d-fender.com with actual or constructive knowledge of Fender's registered service mark rights in its Fender Marks.

33. On information and belief, Defendants registered the Win-D-Fender Domain with the intent to divert consumers seeking Fender's online site to a different site, thus harming the goodwill symbolized by Fender's marks and creating a likelihood of confusion as to the source of goods offered under the domain names or as to the source, sponsorship, or affiliation of the websites connected with the various domain names.

///

34. On information and belief, Defendants registered and used the Win-D-Fender Domain with the bad faith intent to profit directly by their own use of the domain name.

35. On information and belief, Defendants registered and used the Win-D-Fender Domain with the bad faith intent to profit indirectly by harming Fender through diverting or confusing consumers and potential consumers.

### C. Defendants' Infringing US Trademark Applications and Registrations, and Related TTAB Proceedings

36. On October 9, 2020, Defendant Win-D-Fender filed a US trademark application in the moniker EN-D-FENDER, for "Musical Instruments" in International Class 15, Serial No. 90/244,604, and claiming a first use date of October 8, 2020 ("EN-D-FENDER Application"). **Exhibit I**. Subsequently, on June 8, 2021, Fender advised Defendants in writing that Defendants' use of confusingly similar marks is likely to cause confusion among consumers as to both the source of Defendants' products, as well as to an authorized affiliation, connection or sponsorship by or with Fender, and Fender suggested that the parties engage in a conversation to discuss the issues and consider mutually agreeable terms for a period in which Defendants could transition away from their putative marks. Nevertheless, Defendants did not meaningfully engage with Fender and proceeded with their application and use of their confusingly similar marks.

37. On October 15, 2021, Fender was constrained to file an opposition proceeding at the Trademark Trial and Appeal Board ("TTAB"), against the EN-D-FENDER Application ("EN-D-FENDER Opposition"). **Exhibit J**.

38. On January 12, 2023, the TTAB sustained Fender's EN-D-FENDER Opposition, and the EN-D-FENDER Application was subsequently abandoned. **Exhibit J**.

39. Although Defendant Win-D-Fender lost the EN-D-FENDER Opposition, Defendants continue to use the En-D-Fender designation to sell

musical instrument accessories and related goods, despite Fender's repeated requests that they cease and desist from use of that designation.

40. On March 21, 2017, Defendants Argyle filed a US trademark application in the moniker WIN-D-FENDER, for "Musical Instrument Accessories, namely, a wind guard mounted to a flute" in International Class 15, Serial No. 87/379,289, and claiming a first use date of March 10, 2017. **Exhibit K**.

41. On June 25, 2018, the WIN-D-FENDER Application registered with the USPTO ("WIN-D-FENDER Registration"), with Registration No. 5,483,745. **Exhibit K**.

42. On October 15, 2021, Fender filed a cancellation proceeding at the Trademark Trial and Appeal Board ("TTAB"), against the WIN-D-FENDER Registration ("WIN-D-FENDER Cancellation").

43. The WIN-D-FENDER Cancellation is ongoing, and Defendants continue to use the Win-D-Fender designation to sell musical instrument accessories and related goods, despite Fender's repeated requests that they cease and desist from use of that designation and attempts to resolve their issues.

44. By reason of Defendants' wrongful acts, Fender has been seriously and irreparably damaged, and, unless Defendants are restrained, Fender will continue to be so damaged.

## COUNT I

**Infringement of Plaintiff's Registered Service Marks
in Violation of § 32(1) of the Lanham Act, 15 U.S.C. §1114(1)**

45. Fender incorporates by reference the preceding paragraphs as if fully set forth herein.

46. Defendants' use of Fender's Fender Marks and marks confusingly similar thereto, including designations "Win-D-Fender" and "En-D-Fender," in the conduct of its business is likely to continue to cause confusion, or to cause mistake, or to deceive consumers and others. By reason of Defendants' acts set forth above,

COMPLAINT FOR TRADEMARK INFRINGEMENT, INJUNCTIVE RELIEF, AND OTHER RELIEF

Fender is being irreparably injured and has no adequate remedy at law. Defendants' past and continued use in commerce of the Fender Marks and marks confusingly similar thereto to promote and market its identical and/or substantially similar goods constitutes infringement of Fender's federally registered trademarks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

47. Fender is entitled to recover from Defendants all costs and damages that Fender has sustained and will sustain, in addition to all gains, profits and advantages obtained by Defendants as a result of its infringing acts alleged above, in an amount not yet determined, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

48. By reason of Defendants' intentional and willful dilution of the Fender Marks, Fender has been, and will continue to be, irreparably harmed unless Defendants are permanently enjoined from their unlawful conduct.

## COUNT II

### Dilution by Blurring under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

49. Fender incorporates by reference the preceding paragraphs as if fully set forth herein.

50. The Fender Marks are famous and became famous well before Defendants' use of their Win-D-Fender and En-D-Fender designations.

51. Defendants' use of Fender's Fender Marks and designations "Win-D-Fender" and "En-D-Fender" are substantially similar to Fender's prior used and registered Fender Marks such that they are likely to dilute the distinctive quality of the Fender Marks by blurring under section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

52. Fender is entitled to recover from Defendants all costs and damages that Fender has sustained and will sustain, in addition to all gains, profits and advantages obtained by Defendants as a result of its infringing acts alleged above,

1  in an amount not yet determined, pursuant to Section 35 of the Lanham Act, 15
2  U.S.C. § 1117.

3  53. By reason of Defendants' intentional and willful dilution of the Fender
4  Marks, Fender has been, and will continue to be, irreparably harmed unless
5  Defendants are permanently enjoined from their unlawful conduct.

## COUNT III

### Unfair Competition under Section 43(a)
### of the Lanham Act, 15 U.S.C. § 1125(a)

54. Fender incorporates by reference the preceding paragraphs as if fully set forth herein.

55. Defendants' use of the Fender Marks or marks substantially similar thereto, including designations "Win-D-Fender" and "En-D-Fender," in the conduct of their business is calculated to cause confusion and deception.

56. The public and the trade are likely to believe that the goods offered by Defendants are licensed, sponsored, authorized, approved, or in some other way associated or connected with Fender's business conducted under the Fender Marks.

57. Defendants have deliberately and willfully attempted to mislead the public and the trade into believing that Defendants' goods are sponsored, authorized, or approved by or are in some other way associated with Fender.

58. Defendants, by reason of their acts set forth above, have made, and will continue to make profits, to which they are not in equity or in good conscience entitled. By reason of Defendants' acts set forth above, Fender is being irreparably injured and has no adequate remedy at law. Defendants' acts set forth above constitute a false association and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59. By reason of Defendants' intentional and willful infringement of the Fender Marks, Fender has been, and will continue to be, irreparably harmed unless Defendants are permanently enjoined from their unlawful conduct.

60. Fender is entitled to recover from Defendants all costs and damages that it has sustained and will sustain, and all gains, profits and advantage obtained by Defendants as a result of their infringing acts alleged above, in an amount yet to be determined.

## COUNT IV

### Unfair Competition – California Common Law

61. Fender incorporates by reference the preceding paragraphs as if fully set forth herein.

62. Fender has invested substantial time, skill, and money in developing the Fender Marks associated with musical instruments and related goods that it offers for sale.

63. Defendants have appropriated and used the Fender Marks, or marks substantially similar thereto, in relation to musical instrument accessories and related goods at little or no cost to Defendants.

64. Defendants' appropriation and use of the Fender Marks, or marks substantially similar thereto, was without the authorization or consent of Fender.

65. Fender has been and is continuing to suffer ongoing injury by virtue of Defendants' conduct.

66. By reason of Defendants' conduct, Fender has been, and will continue to be, irreparably harmed unless Defendants are preliminarily and permanently enjoined from their unlawful conduct.

67. Fender is entitled to recover from Defendants all damages that it has sustained and will sustain, and all gains, profits and advantage obtained by Defendants as a result of their acts alleged above, in an amount yet to be determined.

///
///
///

COMPLAINT FOR TRADEMARK INFRINGEMENT, INJUNCTIVE RELIEF, AND OTHER RELIEF

## COUNT V

### Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq.

68. Fender incorporates by reference the preceding paragraphs as if fully set forth herein.

69. Defendants' unauthorized use of Win-D-Fender and En-D-Fender is likely to confuse or mislead customers into believing that such products are authorized, licensed, affiliated, sponsored and/or approved by Fender, constituting deceptive, unfair, and fraudulent business practices and unfair competition in violation of Cal. Bus. & Prof. Code 17200 et seq.

70. Upon information and belief, Defendants' unlawful activities are intended to capitalize on the goodwill and reputation of Fender, which Fender has expended substantial time, resources and effort to acquire.

71. As a direct and proximate result of the foregoing acts, Fender has suffered, and will continue to suffer, significant injuries in an amount to be determined at trial.

72. Because Fender has no adequate remedy at law for Defendants' ongoing unlawful conduct, Fender is entitled to injunctive relief prohibiting Defendants from engaging in unfair competition under California law.

73. Fender is entitled to recover from Defendants all damages that it has sustained and will sustain, and all gains, profits and advantage obtained by Defendants as a result of their acts alleged above, in an amount yet to be determined.

## COUNT VI

### Trademark Infringement in Violation of Cal. Bus. & Prof Code § 14200 et seq

74. Fender incorporates by reference the preceding paragraphs as if fully set forth herein.

75.  The Fender Marks are famous and distinctive, and are widely recognized by the general consuming public of California as a designation of source of the goods or services of Fender as the owner of the Fender Marks.

76.  The Fender Marks became famous prior to commencement of the use of designations "Win-D-Fender" and "En-D-Fender" by Defendants.

77.  At the time that Defendants commenced use of the designations "Win-D-Fender" and "En-D-Fender," and at all times thereafter, Defendants knew or should have known that the designations "Win-D-Fender" and "En-D-Fender" were similar to the Fender Marks and that Defendants' use and advertisement of the designations "Win-D-Fender" and "En-D-Fender" would cause dilution of the famous Fender Marks.

78.  At the time that Defendants commenced use of the designations "Win-D-Fender" and "En-D-Fender," and at all times thereafter, Defendants willfully intended to dilute the famous Fender Marks.

79.  By reason of Defendants' conduct, Fender has been, and will continue to be, irreparably harmed unless Defendants are preliminarily and permanently enjoined from their unlawful conduct.

80.  Fender is entitled to recover from Defendants all damages that it has sustained and will sustain, and all gains, profits and advantage obtained by Defendants as a result of their acts alleged above, in an amount yet to be determined.

## COUNT VII

**Violation of Anti-Cybersquatting
Consumer Protection Act, 15 U.S.C. 1125(d)**

81.  Fender incorporates by reference the preceding paragraphs as if fully set forth herein.

82.  Fender has suffered harm by virtue of Defendants' bad faith registration and use of the Win-D-Fender Domain at www.win-d-fender.com

1 because Fender's own marks have been diluted by Defendants' actions, which have
2 diminished the capacity of Fender to use its marks to identify and distinguish its
3 services on the internet.

4       83. Fender has suffered harm by virtue of Defendants' bad faith
5 registration and use of the Win-D-Fender Domain because consumers and potential
6 consumers have not been able to locate Fender through a web address that includes
7 the Fender Marks.

8       84. Defendants violated the Anti-Cybersquatting Consumer Protection Act
9 ("ACPA"), 15 U.S.C. § 1125(d), by registering the Win-D-Fender Domain with the
10 bad faith intent to profit from the registration and use of the domain name, when the
11 domain name contained Fender's trademark(s), and those marks were in use,
12 known, and distinctive at the time Defendants registered the domain name.
13 Defendants' wrongful activities have caused injury to Fender by preventing it from
14 using its marks in its web address, harming the goodwill represented by the marks,
15 and creating a likelihood of confusion as to source, sponsorship, affiliation or
16 endorsement of the websites of Fender and Defendants connected with the domain
17 names.

18       85. Defendants' violation of Section 1125(d)(1) entitles Fender to recover
19 statutory damages under 15 U.S.C. § 1117(d) of up to $100,000 per domain name,
20 or its actual damages and Defendants' profits, at the election of Fender. In the
21 Court's discretion, Fender's actual damages may be trebled.

22       86. By reason of Defendants' conduct, Fender has been, and will continue
23 to be, irreparably harmed unless Defendants are preliminarily and permanently
24 enjoined from their unlawful conduct.

25       87. Furthermore, Defendants' conduct makes this an exceptional case
26 under 15 U.S.C. § 1117(a). Consequently, this Court may, and Fender requests this
27 Court to, award Fender's reasonable attorney's fees as the prevailing party.
28 ///

## **PRAYER FOR RELIEF**

WHEREFORE, Fender prays for an order and judgment against Defendants:

A.  Providing that Defendants, their agents, employees and all others acting in concert or participation with them, be permanently enjoined from:

    i.  Using the Fender Marks or any other mark, name, or title that incorporates the term FENDER, or any colorable imitation thereof or designations similar thereto, including but not limited to the designations Win-D-Fender and En-D-Fender, in connection with the offering, sale or promotion of musical instruments and related goods; and

    ii.  Committing any other act calculated or likely to cause the public or trade to believe that Defendants or their businesses are in any manner connected, licensed, sponsored, affiliated or associated with Fender, or the business of Fender, or from otherwise competing unfairly with Fender; and

    iii.  Using the Fender Marks or any other mark, name, or title that incorporates the term FENDER, or any colorable imitation thereof or designations similar thereto, including but not limited to the designations Win-D-Fender and En-D-Fender, in any manner in the conduct of business on an Internet website, as a website domain name, or portion thereof.

B.  Ordering the impounding of all of Defendants' advertising and promotional material to the extent that it contains any reference to Fender, the Fender Marks or any other mark, name, or title that incorporates the term FENDER, or any colorable imitation thereof or designations similar thereto, including but not limited to the designations Win-D-Fender and En-D-Fender, including all means of producing copies of advertising or promotional material that infringe Fender's rights;

C.  Order that all signage, printed material, advertisements and other materials which bear the Fender Marks or any other mark, name, or title that incorporates the term FENDER, or any colorable imitation thereof or designations

similar thereto, including but not limited to the designations Win-D-Fender and En-D-Fender, or which if used would violate the injunction herein requested, in the possession, custody or control of Defendants, be delivered up to Fender for destruction;

    D.    Providing that Defendants account to Fender for all profits derived from Defendants' wrongful acts of infringement, and order such profits to be paid to Fender, and award damages and costs sustained by Fender, with appropriate interest, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, with such monetary award trebled;

    E.    Awarding to Fender its reasonable attorneys' fees and such other compensatory damages as this Court may determine to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

    F.    Awarding to Fender three times the amount of Defendants' profits or Fender's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

    G.    Ordering the forfeiture or cancellation of the www.win-d-fender.com domain name, or the transfer of the www.win-d-fender.com domain name to Fender, in accordance with 15 USC 1125(d) (1)(C); and

    H.    Granting such other and further relief as this court deems proper and necessary.

Dated: July 28, 2023

Respectfully submitted,

DENTONS US LLP

By: _____
    Nick S. Pujji
    Daniel A. Schnapp

Attorneys for Plaintiff
FENDER MUSICAL INSTRUMENTS CORPORATION

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

124488310

- 18 -

COMPLAINT FOR TRADEMARK INFRINGEMENT,
INJUNCTIVE RELIEF, AND OTHER RELIEF